M. A. SMITH, as Liquidator of EAST COAST BANK AND TRUST COMPANY, v. J. J. TIMMONS.

164 So. 876.

Opinion Filed December 27, 1935.

*George I. Fullerton,* for Plaintiff in Error;
*John S. Byington,* for Defendant in Error.

WHITFIELD, C. J.—An action in two counts was brought by J. J. Timmons against the General Liquidator of East

Coast Bank and Trust Company, a Florida Banking Corporation, to recover dividends accrued to the plaintiff on deposits in the closed bank. The first count was for money received by the defendant for the use of the plaintiff. The second count set out the claim for the deposits withheld. A plea of never was indebted as alleged was filed to the first count. A single plea to the special court avers:

"That the plaintiff was before and at the time of the commencement of this suit and still is indebted to the defendant in a sum more than the amount claimed to be due from the defendant to the plaintiff; that the plaintiff was a stockholder of the East Coast Bank and Trust Company prior to the time of the closing of its doors and being taken in charge by the Comptroller of the State of Florida, to-wit: June 2, 1926; that the plaintiff appears as a stockholder on the books of the said bank; that plaintiff was duly assessed for his statutory liability as a stockholder in said bank; that dividends of 10% and 5%, respectively, paid by said bank on its general claims after the voucher having been issued by the Comptroller and delivered to the Receiver or Liquidator of said bank was duly applied upon the said stock assessment then due and owing by said plaintiff; that the said sum of money so due from the plaintiff to the defendant, as aforesaid, exceeds the damages sustained by the plaintiff, as alleged in said declaration, and out of which said sum of money the defendant is ready and willing and hereby offers to set off and pay to the plaintiff the full amount of said damages."

Such plea was stricken. Issue was joined on the first plea. At the trial it was stipulated:

"By counsel for the Defendant that the charter of the East Coast Bank and Trust Company, filed in evidence as Plaintiff's Exhibit No. 2, was the charter under which the

East Coast Bank and Trust Company was operating at the time it closed its doors in June, 1926, and that it was the charter it had at the time of the reorganization or at the time the reorganization was sought, which was referred to in the agreement for the purchase of stock by the Plaintiff in this case, and that no other charter has been issued to said East Coast Bank and Trust Company, since the date of its closing in June, 1926, and it is stipulated by counsel for Plaintiff that an assessment against the stock of the Plaintiff in this case was duly made by the Comptroller of the State of Florida, of which assessment he had notice."

The Court in directing a verdict for the plaintiff stated:

"It is admitted in stipulation by counsel for the Defendant that the charter now in evidence is the only charter had by the East Coast Bank and Trust Company at the time of its closing in 1926, or subsequent thereto. Other than this admission on the record in this case is absolutely blank as to whether any effort was made on the part of the East Coast Bank & Trust Company to comply with the provisions of the Statutes of the State of Florida for increasing its capital stock. In view of the statutes of the State of Florida touching such matters, and the condition of this record, it is the opinion of this Court that it is his duty at this time to hold that said stock certificate is absolutely null and void and will not support an assessment, and that a verdict should be directed on behalf of the Plaintiff, and an exception is noted for the Defendant."

A writ of error was taken to a judgment for the plaintiff on a directed verdict.

While there is no specific assignment of error on the order striking the second plea and while the sufficiency of the plea is not here adjudicated, the record is in such condition that the judgment on the directed verdict should be

reversed and the cause remanded for appropriate pleadings and procedure in view of the rules of law stated in Randall v. Mickle, 103 Fla. 1229, 138 So. 14, 141 So. 317; Therrell v. Reilly, 111 Fla. 805, 151 So. 305.

Reversed.

ELLIS, P. J., and TERRELL, BUFORD and DAVIS, J. J., concur.